[Cite as *U.S. Bank Trust Natl. Assn. v. Keane*, 2024-Ohio-727.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF LSF10 MASTER PARTICIPATION TRUST, | : | |
| | : | |
| | : | |
| | : | No. 112386 |
| Plaintiff-Appellee, | : | |
| v. | : | |
| MARY JOAN KEANE, ET AL., | : | |
| Defendants-Appellants. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 29, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-949682

*Appearances:*

Manley Deas Kochalski LLC and Matthew J. Richardson, *for appellee.*

Herman Law, LLC, and Edward F. Herman, *for appellants.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Mary Joan Keane and James P. Keane (collectively "the Keanes") appeal the judgment of the trial court granting summary judgment for U.S. Bank Trust

National Association, not in its individual capacity, but solely as Trustee of LSF10 Master Participation Trust ("U.S. Bank") on a foreclosure complaint. For the reasons that follow, this court affirms.

## I.     Factual and Procedural History

{¶ 2} On July 8, 2021, U.S. Bank filed a complaint in foreclosure naming as defendants the Keanes, State of Ohio Department of Taxation, and Sheen Falls Strategies, LLC ("Sheen"). The complaint alleged that in January 2008, the Keanes executed a promissory note and secured the note with a mortgage on the property located at 22250 Hilliard Boulevard in Rocky River, Ohio ("the premises"). The complaint described that James's personal obligations under the note had been discharged in a bankruptcy proceeding and, as a result, Mary Joan remained personally liable for the amount due on the note, $256,217.06, plus interest at 2.5 percent per annum, the deferred amount of $79,339.73, plus late charges, advances, costs, and expenses. The complaint sought judgment against Mary Joan and foreclosure of the property. About a month later, the court allowed U.S. Bank to file an amended complaint adding two defendants, Kevin McGinty ("McGinty") and Daniel O. Geib ("Geib"), alleging that they may have an interest in the property as well.

{¶ 3} McGinty and Geib answered separately, both conceding that they had a judgment lien on the premises. The Keanes answered and filed a counterclaim and cross-claim against McGinty, Geib, and Sheen, asking to quiet their interest in the

premises and for a declaration that they are not entitled to any proceeds from the foreclosure of the premises.

{¶ 4} In March 2022, U.S. Bank sought default judgment against Sheen, alleging that Sheen had failed to defend its interest despite proper service. Shortly after the motion was filed, Sheen and U.S. Bank stipulated to Sheen's untimely answer to U.S. Bank's amended complaint, and Sheen also answered the cross-claims alleged by the Keanes. The trial court denied the motion for default judgment against Sheen as moot.

{¶ 5} At the same time the default judgment against Sheen was filed, U.S. Bank also filed a motion for summary judgment as to its claims against the Keanes. Relevant to this appeal, attached to the motion was an affidavit executed by Priscilla Serrato ("Serrato"), an assistant secretary at Fay Servicing LLC, a Texas entity, the servicer of U.S. Bank's loan and nonparty to the instant action. The Keanes responded to the motion with a response captioned "[Civ.R.] 56(F) Response to Plaintiff's Motion for Summary Judgment." The motion alleged that the Keanes sought to depose Serrato and requested that the court either deny the motion for summary judgment or grant a continuance to allow the Keanes to depose Serrato. At the April 2022 case-management conference, the court allowed the Keanes an extension of time to respond to U.S. Bank's summary judgment motion by June 21, 2022; allowed for a reply brief to be filed on or before July 5, 2022; and concluded that the court would rule on the summary judgment motion thereafter.

{¶ 6} In May 2022, the Keanes notified the court that Serrato had not appeared at her deposition and filed a separate motion seeking for Serrato to be held in contempt. The subpoenas attached to the motion demonstrated that the Keanes attempted to serve Serrato at Fay Serving LLC's corporate address in Texas and on Fay Serving LLC's statutory agent for service of process located in Ohio. U.S. Bank filed a motion to quash the subpoena and a response to the motion for contempt, arguing in both that Serrato had not been properly served with the subpoena, which the court granted because the Keanes did not comply with Civ.R. 45(B). On June 8, 2022, the trial court denied the Keanes' contempt motion and granted U.S. Bank's motion to quash the subpoena.

{¶ 7} The June 21, 2022 deadline for a response to U.S. Bank's summary judgment motion came and went, and the Keanes did not respond.

{¶ 8} On June 24, 2022, the Keanes filed a motion to strike Serrato's affidavit from the motion for summary judgment, alleging that U.S. Bank was purposefully hiding the witness from the Keanes and refusing to accommodate the requested deposition. U.S. Bank responded that the Keanes did not undertake the necessary procedure to compel Serrato's deposition, as a nonparty, out-of-state witness and only recently served a Civ.R. 30(B)(5) notice seeking to depose a corporate witness from U.S. Bank directly — well after the extension given to file a response to summary judgment. U.S. Bank further argued that since the trial court granted U.S. Bank's motion to quash the original subpoena, there is no factual or legal basis to grant the motion to strike.

{¶ 9} Another case-management conference was held on August 3, 2022. The journal entry following the conference indicated that the Keanes' motion to strike Serrato's affidavit was denied and gave the Keanes a further extension to September 19, 2022, to file a responsive brief to U.S. Bank's motion for summary judgment.

{¶ 10} There is no further activity on the docket until September 20, 2022, when the magistrate granted U.S. Bank's motion for summary judgment and ordered the Keanes to file dispositive motions on their pending counterclaims and cross-claims by October 10, 2022, and warned that failure to do so would result in dismissal of those claims. The magistrate's decision was journalized the next day.

{¶ 11} The Keanes timely raised two objections to the magistrate's decision: that the magistrate's decision did not dispose of the Keanes' counterclaims and cross-claims and that the Keanes were not afforded a proper response to the motion for summary judgment because they were unable to cross-examine and/or depose Serrato. The magistrate withdrew the decision in full.

{¶ 12} On October 18, 2022, the Keanes filed a motion for judgment on the pleadings as to any claims against McGinty, Geib, and Sheen, alleging that the liens of all three parties were extinguished in James's bankruptcy proceeding. U.S. Bank, McGinty, Geib, and Sheen all filed briefs in opposition. Nonetheless, on November 3, 2022, the magistrate determined that the motion for judgment on the pleadings was "unopposed and granted" and advised that a full magistrate's decision would follow. McGinty and Geib filed objections to the magistrate's decision,

advising that they had responded to the Keanes' judgment on the pleadings motion. During this time, McGinty and Geib also filed a motion to strike the Keanes' cross-claims.

{¶ 13} The magistrate issued another decision on November 4, 2022. Relevant to this appeal, the decision granted U.S. Bank's motion for summary judgment and granted the Keanes' claims for quiet title and declaratory judgment against McGinty, Geib, and Sheen. All parties objected to the magistrate's decision.

{¶ 14} The court overruled all objections and adopted the magistrate's decision. It is from this journal entry that the Keanes took this appeal, assigning the following assignment of error.

> The trial court erred in granting summary judgment when the movant refused to allow the cross-examination by the non-movant of the movant's summary judgment affiant.

## II. Law and Analysis

{¶ 15} The Keanes' sole assignment of error contends that the trial court erred in granting U.S. Bank's motion for summary judgment because the trial court did not take steps to ensure that the Keanes could cross-examine Serrato and maintain that they were unable to properly oppose U.S. Bank's motion without conducting this deposition.

{¶ 16} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). The standard under Civ.R. 56 sets forth that summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party

moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party. The party moving for summary judgment bears this burden and must set forth specific facts that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact. *Id.* at 293.

{¶ 17} To support a motion summary judgment in a foreclosure case, Civ.R. 56(C) requires the party moving for summary judgment to "present 'evidentiary quality materials' establishing (1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due." *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 17, quoting *United States Bank, N.A. v. Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio-6253, ¶ 10, citing *Wachovia Bank v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, ¶ 40-45.

{¶ 18} When responding to a motion for summary judgment, the adverse party "must set forth specific facts showing that there is a genuine issue for trial."

Civ.R. 56(E). Civ.R. 56(E) continues, "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶ 19} The Keanes never tendered a responsive motion to U.S. Bank's summary judgment motion disputing that any of the above prongs, as presented by U.S. Bank, were inaccurate or incorrect, even though the trial court afforded them two extensions to respond. As such, the Keanes did not meet their burden in establishing that there is a genuine issue of material fact for trial.

{¶ 20} On appeal, the Keanes raise several arguments relating to their inability to depose Serrato, claiming that they were prevented from raising genuine issues of material fact without being able to depose Serrato, U.S. Bank's affiant. When reviewing a trial court's decisions on discovery matters, the appellate court examines whether the trial court abused its discretion. *BAC Home Loans Servicing, L.P. v. Tabac*, 8th Dist. Cuyahoga No. 99724, 2013-Ohio-5582, ¶ 20, citing *Entingh v. Old Man's Cave Chalets, Inc.*, 4th Dist. Hocking No. 08CA14, 2009-Ohio-2242, ¶ 13.

{¶ 21} The Keanes maintain that Civ.R. 56(E), which allows a court to "permit affidavits to be supplemented or opposed by depositions or by further affidavits," should have excused their lack of response, claiming that they were unable to set forth genuine issues of material fact without the necessary deposition testimony from Serrato. Civ.R. 56(F) sets forth the procedure for alerting the trial court as to this hardship:

Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶ 22} By its plain language, Civ.R. 56(F) required the Keanes to submit *affidavit* testimony indicating that they could not support their brief in opposition with facts essential to the opposition in the absence of further discovery. The Keanes did not support their Civ.R. 56(F) motion with affidavit testimony, but the trial court nonetheless permitted the Keanes extra time to attempt to serve the subpoena upon Serrato and then respond to the summary judgment motion at two different times during the pendency of this case.

{¶ 23} The Keanes and U.S. Bank disagree as to whether the Keanes properly subpoenaed Serrato pursuant to Civ.R. 45. Civ.R. 45(B) provides that service of a subpoena

shall be made by delivering a copy of the subpoena to the person, by reading it to him or her in person, by leaving it at the person's usual place of residence, or by placing a sealed envelope containing the subpoena in the United States mail as certified or express mail return receipt requested with instructions to the delivering postal authority to show to whom delivered, date of delivery and address where delivered[.] * * * If the witness being subpoenaed resides outside the county in which the court is located, the fees for one day's attendance and mileage shall be tendered without demand.

{¶ 24} The Keanes admit that they did not serve Serrato at her usual place of residence nor did they tender the fees and mileage, despite requesting Serrato to appear for an in-person deposition in Ohio. The Keanes attempted to serve Serrato

at her place of employment at Fay Servicing LLC, in Texas,[1] and through Fay Servicing LLC's statutory agent in Ohio, neither of which are proper under Civ.R. 45(B). Thus, the Keanes did not properly effectuate service upon Serrato, nor did the trial court err in quashing the subpoena based on improper service.

{¶ 25} Based on the foregoing, we are unable to find merit in the Keanes' argument that they were "stonewalled" from deposing Serrato. The Keanes did not follow the proper procedure for subpoenaing Serrato, did not adequately preserve their right to continue discovery under Civ.R. 56(F), did not request a deposition pursuant to Civ.R. 30(B)(5) under the court's time constraints, and did not attempt to file any responsive pleading to U.S. Bank's motion for summary judgment.

{¶ 26} Accordingly, we overrule the Keanes' sole assignment of error and affirm the judgment of the trial court.

### III.    Conclusion

{¶ 27} The Keanes did not respond to U.S. Bank's motion for summary judgment and demonstrate that a genuine issue of material fact existed warranting a trial of the issues. Even though the Keanes alleged that they were unable to properly oppose U.S. Bank's motion in the absence of a deposition, the Keanes were unable to properly subpoena the witness, despite the allowance of ample time by the trial court.

---

[1] We note that service of a subpoena in a foreign jurisdiction is generally governed by R.C. 2319.09 and, in this case, the Texas Rules of Civil Procedure. The Keanes did not even attempt to follow these procedures; thus, the out-of-state subpoena had no force and effect.

**{¶ 28}** Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK DANIEL CELEBREZZE, III, JUDGE

EILEEN A. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR