[Cite as *Tricarichi v. PricewaterhouseCoopers, L.L.P.*, 2026-Ohio-2316.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MICHAEL A. TRICARICHI,   :

  Plaintiff-Appellant,   :

                No. 115419

  v.          :

PRICEWATERHOUSECOOPERS, LLP, :

  Defendant-Appellee.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 18, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-998596

---

### *Appearances:*

Randy J. Hart, LLC, and Randy J. Hart; Tricarichi & Carnes, L.L.C., and Carla M. Tricarichi, *for appellant*.

Squire Patton Boggs (US), LLP, Nathan M. Leber, and James M. Brennan, *for appellee*.

ANITA LASTER MAYS, J.:

{¶ 1} Plaintiff-appellant Michael A. Tricarichi ("Tricarichi") appeals the trial court's decision granting defendant-appellee PricewaterhouseCoopers, LLP's ("Price") motion for summary judgment. We affirm the trial court's decision.

## I.    Procedural History

{¶ 2}    On June 10, 2024, Tricarichi filed a complaint against Price for fraudulent inducement and asked the trial court to award him in excess of $25,000 in compensatory damages, punitive damages, and attorney fees, and such further and additional relief as the trial court deemed fair and equitable.  On August 14, 2024, Price filed its answer, and the next day filed a motion for summary judgment.

{¶ 3}    In Price's motion for summary judgment, it argued that Tricarichi's claim was barred by res judicata and his new claim is time-barred under Ohio law.  On February 6, 2025, a hearing was held on Price's motion, and the trial court entered its opinion and judgment entry on July 10, 2024, granting Price's motion for summary judgment.

{¶ 4}    In Tricarichi's claim, he alleged the same claims as in prior Nevada cases, stating that Price hid evidence in the Nevada cases and that he had no way of asserting in Nevada the underlying facts he is claiming in the Ohio case.  Tricarichi claimed that he could not have known Price's policies at issue here that are prerequisites to, and form the basis of, a claim of fraudulent inducement for his 2003 transaction. In its opinion and judgment entry, the trial court held that Tricarichi's claim needed to be raised in Nevada, where he previously filed claims against Price.  Judgment Entry No. 198492391 (July 9, 2025).  The trial court also held that it "was not involved in the discovery process in the Nevada matter and is not in any position, either legally or practically, to review possible discovery violations occurring in another court." *Id.*

**{¶ 5}** It is from this decision that Tricarichi filed an appeal.

## II.    Facts

**{¶ 6}** According to Tricarichi, in 2003, he was required to sell his business, Westside Cellular ("Westside"). Tricarichi received $65 million from the antitrust settlement. Because of possible tax implications, Tricarichi's lawyers introduced him to representatives of a company, Fortrend, to become a potential buyer. This potential buyer proposed a sale based on a plan known as a Midco transaction.[1] Tricarichi entered into an engagement agreement with Price for Price to evaluate and advise Tricarichi's about tax implications from the Midco deal. In September 2003, according to Tricarichi, based on advice from Price, he executed the Midco transaction. Per Tricarichi, he later became engaged in litigation with the IRS over the deal because Price gave him bad advice about executing a Midco transaction. Tricarichi claims that he did not know that Price had a national policy to advise clients to refrain from engaging in Midco transactions because such a deal would subject sellers to tax liability from the IRS. Tricarichi claims that Price never informed him of this policy from 2003 to 2023.

**{¶ 7}** In January 2008, the IRS audited the 2003 transaction. The IRS sent Tricarichi an Information Document Request ("IDR") that sought documents related to the transaction and advised him that he may be liable for Westside's tax

---

[1] A Midco transaction involves the sale of corporation stock to an intermediary entity, known as a Midco, which then sells the corporation's assets to a buyer. This structure allows the buyer to acquire the assets with a purchase price basis, while the original shareholders can potentially defer taxes on the sale of their stock.

liability. In June 2012, the IRS issued a formal Notice of Liability, assessing $15.2 million in back taxes and $6 million in penalties against Tricarichi. Tricarichi petitioned the U.S. Tax Court for review.

{¶ 8} On April 29, 2016, Tricarichi commenced an action in the Eighth Judicial District Court for Clark County in Nevada, alleging that Price's advice about the Midco transaction was negligent. Price filed a motion for summary judgment, and the District Court granted the motion, holding that Tricarichi's claims were time-barred under a two-year statute of limitations because Tricarichi discovered or should have discovered the alleged act, error, or omission no later than when he received the IDR from the IRS in 2008.

{¶ 9} Tricarichi amended his complaint to include a claim alleging that Price was negligent for failing to advise him about an IRS notice issued in 2008 dealing with a similar transaction and for failing to tell him that Price gave another client the complete opposite advice regarding a similar transaction. Tricarichi contended that if Price told him about the notice and the advice it gave other clients, he would have immediately stopped litigating and settled with the IRS on outstanding taxes, penalties, and interest. One of the clients Tricarichi referred to was John Marshall ("Marshall"), who sued Price in Oregon ("the *Marshall* case"). In the *Marshall* case, Price cautioned Marshall about his proposed Midco transaction in an email, known as the Wow! Email.[2]

---

[2] The Wow! Email is an email between Price and a client, where Price explained that they do not participate in Midco transactions.

{¶ 10} In 2022, the Nevada court held a bench trial on Tricarichi's claims. The Nevada court found that Tricarichi failed to meet his burden of proof on all four elements of his negligence claim — duty, breach, causation, and damages and also found that the claim was time-barred. *Tricarichi v. PricewaterhouseCoopers LLP*, 2023 Nev. Dist. LEXIS 117 (Feb. 9, 2023). Tricarichi appealed the trial court's judgment to the Nevada Supreme Court. However, in February 2023, the Wow! Email was produced in the *Marshall* case. In August 2023, Tricarichi moved to reopen his Nevada judgment under Nevada Rules of Civil Procedure ("NRCP") 60(b)(2), arguing that the Wow! Email constituted newly discovered evidence and that it justified reopening his case. The Nevada trial court held a hearing on the email and determined that Price did not breach a duty to Tricarichi and that Price's failure to disclose its prior involvement in the Marshall transaction was not a breach of any duty Price owed to Tricarichi. The trial court stated that it could not conclude that the email or Price's policy booklet would have changed its judgment on Tricarichi's 2008 negligence claim.[3] In addition to Tricarichi's previous appeal, he also appealed this NRCP 60(b)(2) decision to the Nevada Supreme Court.

{¶ 11} On May 29, 2024, the Nevada Supreme Court affirmed all of the lower court's rulings and stated that Tricarichi's complaint was time-barred because Tricarichi did not bring his claim within four years after completion of performance of Price's service in 2003. *Tricarichi v. PricewaterhouseCoopers, LLP*, 2025 Nev.

---

[3] Refers to Price's alleged policy on not participating in Midco transactions.

Unpub. LEXIS 383 (May 29, 2024). Additionally, the Nevada Supreme Court rejected claims based on the Wow! Email and stated that there were numerous differences between Tricarichi's transactions and Marshall's transactions. The court also stated that the Wow! Email does not necessarily demonstrate that Price knew Tricarichi's transaction was improper. Additionally, this information would not have triggered Nevada's tolling provision if Price did conceal the email because this was an omission in the *Marshall* case, and not Tricarichi's case. Further the court stated that "under the most generous reading of the limitations period, Tricarichi's claims were barred after February 2010 — two years following receipt of the letter from the IRS." *Id.*

{¶ 12} In June 2024, based on the Wow! Email and Price's relevant national policy, Tricarichi commenced this action in Ohio, alleging similar claims as in the Nevada cases, stating that Price hid evidence in the Nevada case and that he had no way of asserting in Nevada the underlying facts he is claiming in the Ohio case. Tricarichi claimed that he could not have known Price's policies at issue here that are prerequisites to, and form the basis of, a claim of fraudulent inducement for his 2003 transaction.

{¶ 13} On July 9, 2025, the Cuyahoga County trial court granted Price's motion for summary judgment, and Tricarichi filed this appeal assigning two errors for our review:

> 1.      The trial court erred in finding that summary judgment was appropriate based on the Nevada Courts' analysis of the *Marshall* transaction; and

2. The trial court erred in misapplying principles of res judicata to deny Tricarichi the ability to have a claim adjudicated which could not have been brought in any other forum.

{¶ 14} For ease of analysis, we will review Tricarichi's assignments of error together as they are intertwined.

## III. Summary Judgment

### A. Standard of Review

{¶ 15} "We review summary judgment rulings de novo, applying the same standard as the trial court." *U.S. Bank Trust N.A. v. Keane*, 2024-Ohio-727, ¶ 16 (8th Dist.), citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). The appropriate standard under Civ.R. 56 sets forth that summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party. The party moving for summary judgment bears this burden and must set forth specific facts that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact. *Id*. at 293.

## B. Law and Analysis

**{¶ 16}** In Tricarichi's assignments of error, he argues that the trial court erred in finding that summary judgment was appropriate based on the Nevada Courts' analysis of the *Marshall* transaction and that the trial court misapplied the principles of res judicata. In the trial court's opinion and judgment, it stated:

> The parties in this action and the Nevada action are identical. Both the district court and the Nevada Supreme Court specifically reviewed the *Marshall* transaction, including, the Wow! Email, and Tricarichi's transaction that form the basis of the current claim. Both courts found that the differences between the *Marshall* transaction and Tricarichi's transaction precluded applying advice from the *Marshall* case to the Tricarichi transaction. Indeed, the Wow! Email even indicates that similar transactions are "done all the time" and provided no risk to the client. The email indicates that certain factors of the *Marshall* transaction, such as the 57-page stock purchase agreement, presented complexities that Price was unwilling to approve. Accordingly, the analysis of the *Marshall* transaction, including the Wow! Email, was raised and rejected as a basis for relief by the Nevada courts. Any and all claims that may have been implicated by the *Marshall* transaction, including the email, needed to be raised in the Nevada actions.

> However, this court is concerned by Tricarichi's argument that the Wow! Email was not disclosed to him prior to the conclusion of the Nevada trial. Assuming discovery in the Nevada case included communications concerning other Midco transactions, it appears that the Wow! Email may have been discoverable. But this court was not involved in the discovery process in the Nevada matter and is not in any position, either legally or practically, to review possible discovery violations occurring in another court. Additionally, a court would have to determine whether withholding the Wow! Email was even prejudicial given the differences between the *Marshall* transaction and Tricarichi's transaction. Those issues must be raised in the Nevada court, if at all.

> For the foregoing reasons, Defendant's motion for Summary Judgment is GRANTED.

Judgment Entry No. 198492391 (July 9, 2025).

{¶ 17} In this appeal, Tricarichi argues that Price's internal policy was never disclosed; thus, it would have been impossible to include it in the Nevada case. He contends that the Wow! Email demonstrates that the person drafting the email knew that Price had an internal policy in place. Tricarichi further argues that this internal policy was in place before he hired Price in 2003, but they never disclosed that they had an internal policy against executing Midco transactions.

{¶ 18} Tricarichi's arguments are misplaced. In his brief to this court, he states that the email shows Price had an internal policy in place. Tricarichi discovered this email, which is why in August 2023, Tricarichi moved to reopen his Nevada judgment under NRCP 60(b)(2), arguing that the email constituted newly discovered evidence and that it justified reopening his case. The Nevada court held a hearing on the email and determined that Price did not breach a duty to Tricarichi and that Price's failure to disclose the Wow! Email prior to involvement in the Marshall transaction was not a breach of any duty Price owed to Tricarichi. The court stated that it could not conclude that the email or Price's policy booklet would have changed its judgment on Tricarichi's 2008 negligence claim.

{¶ 19} Then Tricarichi appealed the court's decision. On May 29, 2024, the Nevada Supreme Court affirmed all of the lower court's rulings and stated that Tricarichi's complaint was time-barred because Tricarichi did not bring his claim within four years after completion of performance of Price's service. The Nevada Supreme Court rejected claims based on the Wow! Email and stated that there were numerous differences between Tricarichi's transactions and Marshall's

transactions. The court also stated that the Wow! Email does not necessarily demonstrate that Price knew Tricarichi's transaction was improper. Additionally, this information would not have triggered Nevada's tolling provision if Price had concealed the email because this was an omission in the *Marshall* case, and not Tricarichi's case.

{¶ 20} The Cuyahoga County trial court noted that the parties in this action are identical to the parties in the Nevada action and that the claims or issues reviewed in Nevada make up the basis for the claims or issues filed here in Ohio. "Under the doctrine of res judicata, 'a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the same transaction or occurrence that was the subject matter of a previous action.'" *Allan v. Allan*, 2022-Ohio-1488, ¶ 36 (8th Dist.), quoting *E. Cleveland Firefighters v. E. Cleveland*, 2019-Ohio-534, ¶ 14, (8th Dist.), quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). "Res judicata further encompasses the concepts of both claim and issue preclusion." *Id.*, citing *State ex rel. A.N. v. Cuyahoga Cty. Pros. Dept.*, 2020-Ohio-5628, ¶ 8 (8th Dist.)

{¶ 21} Claim and issue preclusion have been explained by the Ohio Supreme Court as follows: "'Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action.'" *Id.*, quoting *O'Nesti v. DeBartolo Realty Corp.*, 2007-Ohio-1102, ¶ 6. "'Issue preclusion, on the other hand, serves to prevent relitigation of any fact or point that was determined by a court of competent

jurisdiction in a previous action between the same parties or their privies.'" *Id.*, quoting *id.* at ¶ 7.

{¶ 22} For a claim or lawsuit to be barred by issue preclusion, it is necessary to show:

> a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Id.*, quoting *Portage Cty. Bd. of Commrs. v. Akron*, 2006-Ohio-954, ¶ 84.

{¶ 23} We determine from this record that Tricarichi was not presenting newly discovered evidence discovered after his Nevada's actions. He discovered the Wow! Email in 2023, which according to him demonstrates there is an internal policy. This discovery led to litigation and final disposition on the facts in the Nevada trial court and Nevada Supreme Court. "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim or issue arising out of the same transaction or occurrence that was the subject matter of a previous action." *State v. Richard*, 2005-Ohio-6969, ¶ 11 (8th Dist.), citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995). "Further, it does not matter that the court which previously decided the claim is of a different jurisdiction than the court currently deciding the claim." *Id.* at ¶ 12.

{¶ 24} "In order for a claim to be barred on the grounds of res judicata, the new claim must share three elements with the earlier action: (1) identity of the

parties or their privies; (2) identity of the causes of action; and (3) a final judgment on the merits." *Id.* at ¶ 13, citing *Omlin v. Kaufmann & Cumberland Co., L.P.A.*, 2003-Ohio-4069, ¶ 13 (8th Dist.). In this case the parties are identical to the parties in the Nevada cases. Tricarichi has not introduced any new parties to this action. As the trial court stated, the claims or issues reviewed in Nevada make up the basis for the claims or issues filed here in Ohio. Tricarichi is claiming that Price committed fraudulent inducement. The Nevada courts issued a final judgment on the merits.

{¶ 25} Although in the Nevada case Tricarichi alleged negligence and in the Ohio case he alleged fraudulent inducement, res judicata applies. "'Res judicata operates to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction.'" *Alessio v. United Airlines, Inc.*, 2022-Ohio-4510, ¶ 9 (8th Dist.), quoting *State ex rel. Kroger Co. v. Indus. Comm.*, 80 Ohio St.3d 649, 651 (1998). "Under the doctrine of res judicata, 'a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject of the previous action.'" *Id.*, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). "'Res judicata promotes the principle of finality of judgments by requiring plaintiffs to present every possible ground for relief in the first action.'" *Id.*, quoting *Kirkhart v. Keiper*, 2004-Ohio-1496, ¶ 5, citing *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62 (1990).

{¶ 26} We find that Tricarichi's claims in this case are barred by res judicata, and the trial court did not err in granting Price's summary-judgment motion.

{¶ 27} Therefore, Tricarichi's assignments of error are overruled.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

ANITA LASTER MAYS, JUDGE

LISA B. FORBES, P.J., and
EILEEN T. GALLAGHER, J., CONCUR